TRUSTEES OF OPERATING ENGI-
NEERS LOCAL 324 HEALTH
CARE et al., Plaintiffs,

v.

HARABEDIAN PAVING COMPANY,
Principal Defendant,

and

George Harabedian, Intervening
Defendant.

Civ. A. No. 92–70342.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 3, 1995.

Jeffrey A. Heldt, Korney & Heldt, Bingham Farms, MI, for Operating Engineers Local 324 Health Care.

William L. Hooth and Barry L. King, Cox, Hodgman & Giarmarco, Troy, MI, for Harabedian Paving Co. and George Harabedian.

## ORDER DENYING INTERVENING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Intervening defendant George Harabedian ("Harabedian") is seeking recovery of $11,165.00 previously deposited with the court by garnishee defendant Kirco Realty & Development, Ltd. ("Kirco"). Harabedian contends that because he holds a security interest in the money, he deserves to take the funds before the plaintiffs [1] ("the Trustees") who hold a judgment in this action based upon defendant Harabedian Paving Company's ("Harabedian Paving") failure to make proper contributions to various fringe benefit trust funds pursuant to the terms of a collective bargaining agreement. Before the court is Harabedian's motion for summary judgment on his claim for the garnished Kirco funds. For the reasons discussed below, the court will deny Harabedian's motion.

### I. Background

On July 28, 1992, the court entered a default judgment in favor of the Trustees and against defendant Harabedian Paving for $61,901.32. This amount represented the fringe benefit contributions and liquidated damages owed by Harabedian Paving that it failed to pay in 1990 and 1991. The company has subsequently gone out of business.

Following entry of judgment, the Trustees began collection efforts. In October 1993, a writ of garnishment was issued against garnishee defendant Kirco for $11,165.00. According to Harabedian, the $11,165.00 was owed for services Harabedian Paving rendered to Kirco in 1990. In November 1993, Harabedian filed his motion to intervene and for payment of the garnishment funds owed by Kirco. Harabedian was the president and majority shareholder of the principal defendant, Harabedian Paving. Harabedian

claims that his company still owes him for personal loans that he made to the company in order to keep it afloat. He contends that these loans are protected by a security interest that he holds in various assets of Harabedian Paving.

On December 22, 1993, the court allowed Harabedian to intervene in this action. On April 28, 1994, the court ordered Kirco to pay the $11,165.00 in garnished funds to the clerk of the court to be held pending a determination of whether the Trustees or Harabedian is entitled to the money.

On November 3, 1994, Harabedian filed the instant motion for summary judgment in which he claims that he holds a superior interest over the Trustees to the $11,165.00 in garnished Kirco funds held by the court. Harabedian claims that he is a secured creditor of Harabedian Paving. As a secured creditor, he contends that he has priority over the Trustees to the disputed funds since they are merely an unsecured creditor holding a judgment.

In response, the Trustees argue that Harabedian is trying to use a series of fraudulent and illegal transactions to recover funds for himself at the expense of the creditors of his corporation, including his own employees who were not paid their full wages. The Trustees contend that the fraudulent nature of the transactions nullifies any secured status that Harabedian may have achieved and indicates that any loans made by Harabedian to his company were actually disguised capital contributions. In addition, the Trustees argue that Harabedian improperly exercised any secured rights he may have had so as to waive any further rights to the collateral represented by the Kirco funds. Finally, the Trustees claim that even if Harabedian has a secured interest to the money, they have a superior interest to the money based upon the Builder's Trust Fund, M.C.L.A. § 570.151.

The financial transactions underlying Harabedian's claim of secured creditor status are complex, multi-faceted, vague, and twisted. Before analyzing the arguments set forth by

1. The plaintiffs are the Trustees of various fringe benefit trust funds.

the parties, the court will attempt to briefly summarize the various transactions.

In 1990 and 1991, principal defendant Harabedian Paving failed to make required contributions on behalf of its employees to various fringe benefit trust funds. In 1992, Harabedian Paving borrowed $700,000 from Fidelity Bank on two loans, one for $600,000 and one for $100,000. Fidelity was given a security interest in Harabedian Paving assets. The company could not make its payments, and it defaulted on the Fidelity loans.

George Harabedian, who was still president of Harabedian Paving, then sold his Florida condominium and a Birmingham house and paid these funds to reduce the Fidelity loans. At this time, Harabedian owed money to Harabedian Paving. The money from the condo and house allegedly paid off Harabedian's debt to his company. In addition, $77,373.93 was then posted as an account payable to Harabedian on the Harabedian Paving books. "At about this time," Harabedian Paving then gave George Harabedian a security interest and a financing statement for this "loan" and future advances.

On June 30, 1993, Fidelity filed a collection action against Harabedian Paving in the Oakland County Circuit Court to recover on the two loans. As security for the two loans, Fidelity held mortgages on the residences of George Harabedian and Alice Harabedian, his former wife. While the Oakland case was pending, Fidelity foreclosed on the two houses and received $200,000 and $108,382.07 respectively. These foreclosure amounts were deducted from the Fidelity loans and they were supposedly carried on the Harabedian Paving books as loans due to George and Alice Harabedian.

On October 14, 1993, Harabedian Paving allegedly "delivered" all of its equipment and other collateral to Harabedian in order to pay off $277,373.95 that the company owed to him. This assignment acknowledged the prior security interests of Fidelity, Barrett Paving Materials, Inc. (another secured creditor), and the rights of materialmen and laborers in accounts receivable of the debtor.

On December 9, 1993, a consent judgment was entered between Harabedian Paving and Fidelity on the Oakland collection matter. In the consent judgment, Fidelity purported to assign a security interest in the collateral (only equipment) of Harabedian Paving to George and Alice Harabedian because of the sale of the two houses for $200,000 and $108,-000.

Because Harabedian Paving could not pay the remainder of the consent judgment which amounted to $123,586.03, Fidelity noticed an auction sale of Harabedian Paving's equipment which secured the bank's loans. The equipment was estimated to be worth $200,-000.

Just before an auction sale could occur, however, on April 22, 1994, CKK LLC, a Michigan limited liability company formed by George Harabedian's attorney, paid Fidelity $123,586.03 for the consent judgment and took an assignment of the bank's rights in that judgment. The auction sale was then cancelled. Apparently, George and Alice Harabedian also received assignments of Harabedian Paving assets from Fidelity. In addition, on April 22, 1994, CKK purported to buy Harabedian Paving's equipment from Harpo Corporation for $120,000. Harpo Corporation is a paving and construction company whose president is George Harabedian. Harpo now leases the Harabedian Paving equipment from CKK.

## II. Standard of Review

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's

Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

▇▇ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

▇▇ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

▇▇ Intervening defendant Harabedian argues that he is still owed money by Harabedian Paving because of the large loans that he made to the company. He contends that these personal loans are protected by a security interest that he has in Harabedian Paving's equipment and accounts receivable. As a result, Harabedian claims that he has priority, as a secured creditor, over the Trustees, as holders of a judgment, with regard to the $11,165.00 owed by garnishee defendant Kirco to Harabedian Paving.

▇▇ The court finds that even if Harabedian holds a valid security interest, that interest is still inferior to the interest held by the Trustees.[2] Under the Builder's Trust Fund, MCLA § 570.151, as interpreted by the Michigan Supreme Court in *NBD v. Eames & Brown, Inc.,* 396 Mich. 611, 619–24, 242 N.W.2d 412 (1976), the right of laborers to be paid for their work is superior to the claims of a secured creditor.

In this case, the Trustees have presented sufficient evidence to indicate that Harabedian Paving failed to pay fully its laborers in 1990. According to the amended complaint which served as the basis for the court's default judgment in this matter, Harabedian Paving failed in 1990 to make $6,980.07 in fringe benefit contributions to its employees. In addition, Harabedian Paving owed as much as $17,000 in liquidated damages and

---

**2.** Because it finds that the Trustees' argument concerning the Builder's Trust Fund is dispositive of Harabedian's motion, the court finds it unnecessary to address the multiple issues surrounding Harabedian's alleged status as a secured creditor.

audit fees pursuant to the collective bargaining agreement for its failure to make the contributions. The court finds that these fringe benefits and other fees that Harabedian Paving failed to pay its employees amount to wages owed by the company for purposes of Michigan's Builder's Trust Fund. As a result, under the reasoning set forth in *Eames & Brown*, the Trustees have a superior interest to the garnished Kirco funds over any secured creditor, including Harabedian. *Id.* at 619–24, 242 N.W.2d 412. Based upon this finding, the Trustees have succeeded in raising a genuine issue of material fact so as to defeat Harabedian's motion for summary judgment.

Harabedian has responded to the Trustees' argument concerning the Builder's Trust Fund by presenting an affidavit in which he claims that Harabedian Paving made all necessary fringe benefit contributions in 1990. However, during oral argument, Harabedian's counsel indicated that the basis for the claim in the affidavit is unclear. Based upon the court's rulings presented in this order, the Trustees may be able to present sufficient evidence to support their own motion for summary judgment. In any event, for purposes of this motion, the Trustees have succeeded in raising a genuine issue of material fact.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that intervening defendant George Harabedian's motion for summary judgment is **DENIED**.

**SO ORDERED.**

